**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO**

**CHARLIE DORRIS**                                                                                **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 4:08CV-P67-M**

**JERRY CRITCHELOW** *et al.*                                                 **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss Plaintiff's § 1983 claims against all Defendants in their official capacities and against Defendants LaDonna Thompson, Dr. F.W. Kemen, Dr. Scott Haas, and Larry Chandler in their individual capacities, as well, for failure to state a claim upon which relief may granted. The Court will allow Plaintiff's § 1983 claims against Defendants Jerry Critchelow, Don Beemer, Terry Chin, Bo Wright, Gerry Wright, Mark Curry, and Medical Director, Greenville Jail to proceed for further development.

**I. SUMMARY OF CLAIMS**

Plaintiff is a prisoner currently incarcerated at the Kentucky State Reformatory. He files suit against Trooper Jerry Critchelow of the Kentucky State Police; Ohio County Sheriff's Deputies Don Beemer, Terry Chin, and Bo Wright; Gerry Wright, Ohio County Jailer; Mark Curry, Jailer, Greenville Jail; Medical Director, Greenville Jail; LaDonna Thompson, Commissioner, Department of Corrections; Dr. Scott Haas, Medical Director, Department of Corrections; Larry Chandler, Warden, Kentucky State Reformatory; and Dr. F.W. Kemen, Medical Director, Kentucky State Reformatory. He alleges violations of the Eighth and Fourteenth Amendments to the United States Constitution. He sues each Defendant in his or her individual and official capacities.

Plaintiff alleges that on or about October 15, 2007, he was arrested after being pursued in a high speed chase by Defendants Critchelow, Beemer, Chin, and Bo Wright. Plaintiff alleges that Defendant Beemer shot the tires out his car causing him to collide head-on into a tree and to suffer injuries. Plaintiff then "presented his hands through an open door and stated repeatedly [that] he was crippled and had incurred further injuries as a result of the crash." Using obscene language, Defendant Critchelow threw Plaintiff to the ground "at which time he was joined by Dep. Wright[,] and both placed their knees forcefully into Plaintiff's back causing additional pain and suffering." Plaintiff was then transported to the Ohio County Jail. During the transport and after arriving at the Ohio County Jail, Plaintiff repeatedly asked for medical treatment for his injuries, but his requests were denied by Defendants Critchelow and Jailer Gerry Wright.

Later that evening, Plaintiff was transferred to the Greenville Jail where he continued to request medical treatment. Plaintiff alleges that he "had one open, bleeding wound on his right buttock that medical staff attended to, but declined and refused Plaintiff's requests to evaluate the injuries sustained causing him pain in his back up and down his spine and para-vertebral region resultant of the police officers' excessive force by their knees in the back and the force of the crash." Plaintiff also had "pain in the hip area where he retained feeling in spite of his paralysis."   In December 2007, Plaintiff was transferred to the Kentucky State Reformatory extended medical unit. He continued to complain about back and hip pain and to request medical treatment. "He was told to take Ibuprofen and again never had any diagnostic evaluations or procedures; denied by Dr. White." Plaintiff filed a medical grievance which was denied by Defendant Warden Chandler. Plaintiff then appealed the denial to Defendant Dr. Haas, the Department of Corrections Medical Director, and the appeal was denied. "Plaintiff was basically told since he was paralyzed, he should not be experiencing any of the symptoms

2

with which he was presenting." Plaintiff seeks unspecified monetary and punitive damages as relief.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, or any portion thereof, if the Court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

3

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

**A.** <u>**Official-capacity claims**</u>

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Critchelow, Thompson, Haas, Chandler, and Kemen, each employees of the Commonwealth of Kentucky, are therefore actually claims against the Commonwealth. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

Upon review, the Court concludes that the official-capacity claims against these state Defendants must be dismissed on two bases. First, a state, its agencies, and its officials are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the

4

Eleventh Amendment[1] acts as a bar to all claims for relief against these Defendants. A state, its agencies, and its officials may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Kentucky v. Graham*, 473 U.S. at 169 ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (l979)). Accordingly, Plaintiff's official-capacity claims against Defendants Critchelow, Thompson, Haas, Chandler, and Kemen will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

Likewise, Plaintiff's official-capacity claims against Defendants Beemer, Chin, Bo Wright, and Gerry Wright are actually claims against their employer, Ohio County, and the official-capacity claims against Defendants Curry and the Medical Director of the Greenville Jail are actually claims against Muhlenberg County.[2] When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was

---

[1]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

[2]The Court takes judicial notice that the jail located in Greenville is the Muhlenberg County Detention Center.

caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether these municipalities are responsible for the alleged constitutional violations.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)

6

(citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff has not alleged that Defendants acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that these Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Ohio or Muhlenberg County, the complaint fails to establish a basis of liability against these municipalities and fails to state a cognizable § 1983 claim against them. Accordingly, the official-capacity claims against Defendants Beemer, Chin, Bo Wright, Gerry Wright, Curry, and the Medical Director of the Greenville Jail will be dismissed for failure to state a claim upon which relief may be granted.

**B.     Individual-capacity claims**

    **1.     Excessive Force**

Plaintiff alleges violations of the Eighth and Fourteenth Amendments. However, the Supreme Court has held that excessive force claims are best analyzed under the Fourth Amendment, which provides, in part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." *Graham v. Connor*, 490 U.S. 386, 394 (1989). Construing the complaint broadly, as the Court is required to do, the Court will review Plaintiff's excessive force claims under the Fourth Amendment.

7

Plaintiff alleges that Defendants Critchelow, Beemer, Chin, and Bo Wright pursued him at a high speed, that Defendant Beemer shot the tires out of his car during the police chase causing him to crash head on into tree, and that Defendants Critchelow and Bo Wright placed their knees into Plaintiff's back causing him pain and suffering. In determining whether excessive force was used, the Court must ask whether the officer's actions, in light of the totality of the circumstances, were objectively reasonable. *Id*. at 396-97. In determining whether an officer's actions were reasonable, the specific facts of each case are key. *Id*. at 396. The Court should pay particular attention to "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. The Court "must balance the consequences to the individual against the government's interest in effecting the seizure." *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002). "This standard contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Id*.

Upon review, Plaintiff's excessive force claims will be permitted to proceed against Defendants Critchelow, Beemer, Chin, and Bo Wright in their individual capacities. In allowing these claims to proceed, the Court passes no judgment on their ultimate outcome.

**2. Medical treatment**

**a. Ohio County Jail and Greenville Jail**

Plaintiff claims that, while housed in the Ohio County Jail and Greenville Jail, he requested medical treatment numerous times and was denied treatment. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth

Amendment."³ *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). As stated above, in order for a claim to rise to the level of an Eighth Amendment/Fourteenth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837-38. Therefore, to prove a prison official is liable under the Eighth Amendment for denial of medical treatment, the prisoner must first demonstrate the existence of a "sufficiently serious" medical need. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005). The prisoner must also demonstrate that the prison official subjectively possessed "'a sufficiently culpable state of mind in denying medical care.'" *Id*. (quoting *Farmer*, 511 U.S. at 834). "'Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference.'" *Id*. (quoting *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)). Upon review, the Court will allow Plaintiff's § 1983 deliberate indifference claims concerning his medical treatment to proceed against Defendants Critchelow, Gerry Wright, Curry, and the Medical Director of the Greenville Jail in their individual capacities.

---

³The Eighth Amendment "was designed to protect those convicted of crimes" and does not protect pretrial detainees. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). Although not clear from the complaint, it is likely Plaintiff was a pretrial detainee during his stay in the Ohio County Jail and Greenville Jail. For the purposes of initial review, however, this is largely a distinction without a difference because Plaintiff also asserts a violation of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001).

### b. Kentucky State Reformatory

#### i. Defendants Thompson and Kemen

Plaintiff complains that he was also denied medical treatment at the Kentucky State Reformatory by "Dr. White." However, he does not identify Dr. White as a Defendant, and Dr. White is therefore not a party to this action. The complaint makes no reference to Defendants Thompson or Kemen, except in the portions of the complaint in which Defendants are to be listed. Plaintiff states no facts regarding these Defendants' personal involvement in the events giving rise to the complaint. While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff has not alleged any facts involving Defendants Thompson and Kemen, the claims against them will be dismissed for failure to state a claim upon which relief may be granted.

Moreover, to the extent Plaintiff seeks to hold either Defendant liable based on his or her supervisory authority, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the

unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff fails to demonstrate any facts showing that Defendant Thompson or Kemen encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced to any unconstitutional conduct. Accordingly, the individual-capacity claims under § 1983 against Defendants Thompson and Kemen must be dismissed for failure to state a claim upon which relief may be granted.

### ii.     Defendants Chandler and Haas

Plaintiff sues Defendants Chandler and Haas based on their denials of his medical grievance appeals. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee*, 199 F.3d at 300). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's

11

claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged denial of medical treatment. *Id.*

For these reasons, Plaintiff's § 1983 individual-capacity claims against Defendants Chandler and Haas will be denied for failure to state a claim upon which relief may be granted.

The Court will enter a separate Scheduling Order governing the development of the remaining claims and will enter a separate Order dismissing all other claims.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Ohio County Attorney
    Muhlenberg County Attorney
    Justice & Public Safety Cabinet
4414.010