# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

CHARLIE DORRIS                                                        PLAINTIFF

v.                                                            CIVIL ACTION NO. 4:08CV-P67-M

JERRY CRITCHELOW *et al.*                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion for summary judgment by Defendant Jerry Critchelow. The motion is ripe for decision. Upon review, for the reasons set forth below, the Court will grant Defendant Critchelow summary judgment.

### I. BACKGROUND

On October 15, 2007, Plaintiff was pursued in a high-speed car chase by Defendant Kentucky State Trooper Critchelow and other law enforcement officers. Defendant Critchelow states by affidavit that it was his understanding that the driver of the vehicle had outstanding felony warrants for his arrest.

Plaintiff avers that he is paralyzed in his lower extremities and "has well known and documented mental capacity deficiencies." Plaintiff claims that his physical and mental deficiencies were known to the Ohio County Sheriff's Department prior to the high-speed pursuit and were made known to the pursuing officers. Plaintiff alleges that Defendant Don Beemer shot the tires out of his car causing him to collide head-on into a tree and to suffer injuries. Plaintiff alleges that he stated repeatedly that "he was crippled and had incurred further injuries as a result of the crash." He claims that Defendant Critchelow "stated he didn't give a f***" and threw Plaintiff to the ground. Plaintiff claims that Defendants Critchelow and Bo Wright placed their knees forcefully into his back causing additional pain and suffering. He

claims that when a dispatcher called to inquire about the need for medical transport, Defendant Critchelow "responded in the negative, against and above the Plaintiff[']s repeated pleas for medical attention." Plaintiff claims that during the transport to the Ohio County Jail, he continued to ask for medical attention but "was given only vulgar and coarse verbal responses by Trpr. Critchelow who never provided, requested or sought medial treatment for Plaintiff."

The dashboard video shot from Defendant Critchelow's police cruiser shows that Plaintiff led police on a high-speed chase for approximately twenty-nine minutes through Ohio and Butler Counties with Critchelow's siren activated. The video shows Plaintiff's car driving at very high rates of speed on two-lane highways and winding country roads, repeatedly driving on the wrong side of the road, crossing double-yellow lines, disregarding stop signs, and forcing other cars to the shoulder to avoid being hit. The dispatcher can be heard telling Critchelow that the driver of the vehicle was wanted on warrants for a parole violation, failure to appear, and wanton endangerment. The video shows the chase ending when a law enforcement officer, standing in the roadway, approached Plaintiff's vehicle and shot the tires of the car as Plaintiff made a right turn. Plaintiff continued driving slowly, apparently still fleeing police, for approximately twenty seconds through a wooded area until he came to a stop at a very low rate of speed hitting a small tree.

The video then shows Defendant Critchelow approaching the driver's side of Plaintiff's car with his sidearm drawn. Plaintiff raised his hands through the closed driver's side door. Critchelow pulled Plaintiff from the car, pushed him to the ground, and placed his knee upon Plaintiff's back and handcuffed him. After Critchelow handcuffed Plaintiff, he removed his knee from Plaintiff's back and allowed him to roll over on to his back. Plaintiff can be heard on the

2

video requesting an ambulance. However, he can also be heard loudly cursing and threatening officers in a belligerent and profane manner. When he was placed in the police cruiser by Defendant Critchelow and another officer, he can be heard banging his body into the cruiser. Critchelow can be heard being asked by dispatch if an ambulance is needed, and Critchelow responds that Plaintiff "has no injuries we can see."

## II. STANDARD

To grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Co.*, 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III.  DISCUSSION

Plaintiff sues Defendant Critchelow under 42 U.S.C. § 1983 alleging that he violated his constitutional rights by using excessive force in effectuating his arrest and denying him requested medical attention.  To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that 1) he was deprived of a right secured by the Constitution or laws of the United States; and that 2) this deprivation was caused by a person acting under color of state law.  *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006).

### A.     Excessive-force claim

Plaintiff asserts violations of his rights under the Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth Amendment's Due Process Clause.  However, a claim of "excessive force in the course of making an arrest . . . [is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard."  *Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007) (quoting *Graham v. Connor*, 490 U.S. 386, 388 (1989)).  In "'determining the reasonableness of the manner in which a seizure is effected, the court 'must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'"  *Id*. (quoting *Scott v. Harris*, 550 U.S. 372, 383 (2007)).  "This standard contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case."  *Id*. at 245 (quoting *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002)).  In determining whether an officer's use of force was objectively reasonable, a court must consider the facts and circumstances of each particular case, including 1) the severity of the crime at issue; 2) whether the suspect poses an immediate threat to the safety of the officers or others; and 3) whether the suspect is actively resisting arrest or

attempting to evade arrest by flight. *Id*. (citing *Graham*, 490 U.S. at 396). The Sixth Circuit has also found that "the definition of reasonable force is partially dependent on the demeanor of the suspect." *Id*. (quoting *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 174 (6th Cir. 2004)).

A balancing of these factors suggests that the force used by Defendant Critchelow in effecting the arrest of Plaintiff was objectively reasonable. As to the first factor, Defendant Critchelow understood that Plaintiff was being pursued because he had outstanding felony warrants for his arrest. Moreover, the video evidence shows that, at the point when Defendant Critchelow effected the arrest, Plaintiff had led Critchelow on a twenty-nine minute, high-speed police chase which only ended when another law enforcement officer disabled Plaintiff's vehicle by shooting out the tires. *See Scott*, 550 U.S. at 380-81 (holding that court may rely on police cruiser's dashboard video as evidence in determining summary judgment in excessive-force claim). The Sixth Circuit has recognized that fleeing an officer is a crime that should at least be considered "moderate in severity." *Gaddis v. Redford Twp.*, 364 F.3d 763 (6th Cir. 2004).

As to the second factor, Plaintiff demonstrated disregard for the safety of officers and the public at large in engaging in a twenty-nine minute, high-speed chase, repeatedly veering into the wrong side of the road, and ignoring stop signs. Such conduct poses an immediate threat to the safety of officers and other motorists. *See Scott*, 550 U.S. at 384 (officer's actions in applying push bumper method to stop plaintiff's car were reasonable where plaintiff had led them on a ten-mile chase and where collision rendered plaintiff a quadriplegic).

As to the third factor, Plaintiff clearly was attempting to evade arrest by leading police officers on a twenty-nine minute police chase. Plaintiff could have pulled over and surrendered himself to Defendant Critchelow without incident. Finally, as to Plaintiff's demeanor, Plaintiff can be heard on the video loudly and profanely cursing and threatening police officers.

The Court concludes that Defendant Critchelow used reasonable force in effecting Plaintiff's arrest. *See Jones by Jones v. Webb*, 45 F.3d 178, 184 (7th Cir. 1995) (summary judgment affirmed where police officer put knee on plaintiff's back and handcuffed him); *Jackson v. City of Bremerton,* 268 F.3d 646, 653 (9th Cir. 2001) (same). Plaintiff may argue that Critchelow's actions were unreasonable in light of the fact that Plaintiff is paralyzed. Even if Plaintiff's physical and mental deficiencies were made known to Defendant Critchelow as Plaintiff suggests, Plaintiff was wanted on felony warrants, had the ability to drive a car and lead police on a twenty-nine minute, high-speed police, and had the use of his arms. These facts would have reasonably given Critchelow concern that Plaintiff posed a threat to his safety and that of other officers, such as reaching for a weapon, and reasonably necessitated Critchelow's subduing Plaintiff as quickly as possible. Moreover, the video shows that after Critchelow handcuffed Plaintiff, he did not continue to apply pressure to Plaintiff's back but removed his knee and allowed him to roll over on to his back. Critchelow's actions were reasonable in light of the totality of the circumstances. Accordingly, Plaintiff's § 1983 claim against Defendant Critchelow fails because he has not established that his constitutional rights were violated, and the Court, therefore, need not consider whether Critchelow is entitled to qualified immunity. *See, e.g., Willis v. Neal*, 247 F. App'x 738, 744 (6th Cir. 2007); *Marvin*, 509 F.3d at 251 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

**B.     Deliberate-indifference claim**

Plaintiff also claims that Defendant Critchelow violated his rights under the Eighth and Fourteenth Amendments by denying his requests for an ambulance after his arrest. However, the Eighth Amendment does not apply to arrestees. *Owensby v. City of Cincinnati*, 385 F. Supp. 2d 626, 645 (S.D. Ohio 2004), *aff'd*, 414 F.3d 596 (6th Cir. 2005). Arrestees, like pre-trial

6

detainees, have a right to adequate medical treatment under the Fourteenth Amendment Due Process Clause that is analogous to the Eighth Amendment rights of prisoners. *Owensby*, 386 F. Supp. 2d at 647; *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003). In the context of medical care for prisoners, pre-trial detainees, and arrestees, "it is well established that 'deliberate indifference to a prisoner's [or detainee's] serious illness or injury states a cause of action under § 1983.'" *Weaver*, 340 F.3d 3 410 (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)) (alteration in original).

The deliberate-indifference standard has been interpreted to require a plaintiff to show that a defendant acted with a reckless disregard of a known risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). The standard includes both objective and subjective components. First, the deprivation of Eighth Amendment/Fourteenth Amendment rights must be "sufficiently serious" such that the officials' acts or omissions objectively result in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, the officials must have acted with a "sufficiently culpable state of mind." *Wil*son, 501 U.S. at 298. In other words, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997) (quoting *Farmer*, 511 U.S. at 837).

A plaintiff can show deliberate indifference by establishing, for example, that the defendants intentionally denied or delayed access to medical care. *See Estelle*, 429 U.S. at 104-05. However, with regard to the objective component, a plaintiff who argues that a delay in medical treatment amounted to a Fourteenth Amendment violation "'must place verifying

medical evidence in the record to establish the detrimental effect of the delay.'" *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) (citation omitted). Plaintiff has failed to present any medical evidence concerning his alleged injury or need for emergency medical care at the scene of the arrest.

Moreover, based on the video evidence, the "crash" following the police pursuit, which Plaintiff alleges caused him injury, occurred while Plaintiff was driving at a very low rate of speed and resulted from Plaintiff hitting a small tree that does not appear to cause any sort of injurious impact. On the video, a dispatcher can be heard asking Defendant Critchelow if an ambulance is needed, and Critchelow responds that Plaintiff has no injuries that he could see. Thus, Defendant Critchelow did not know of an excessive risk to Plaintiff's health. Moreover, following the arrest, while Plaintiff did make belligerent demands for an ambulance, his hostile and combative demeanor toward law enforcement officers belies any injury to Plaintiff, much less one so serious as to give rise to an excessive risk to Plaintiff's health. Additionally, he can be heard on the video banging his body into the police cruiser, conduct that is not consistent with any serious injury. Therefore, Plaintiff's § 1983 claim of deliberate indifference to a serious medical need against Defendant Critchelow fails because he has not established that his constitutional rights were violated in that regard, and Defendant Critchelow is entitled to summary judgment on the deliberate-indifference claim, as well.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Critchelow's motion for summary judgment (DN 24) is **GRANTED**.  Defendant Critchelow is entitled to **JUDGMENT as a matter of law**, and all claims against him are **DISMISSED**.

Date:

cc:     Plaintiff, *pro se*
         Counsel of record
4414.010