UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CHARLIE DORRIS  PLAINTIFF

v.  CIVIL ACTION NO. 4:08CV-P67-M

JERRY CRITCHELOW *et al.*  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motions for summary judgment by Defendants Terry Chinn, Don Beemer, Bo Wright, Gerry Wright (DN 38) and by Defendants Mark Currry and Medical Director Sidney Fitch (DN 37).[1] The motions are ripe for decision. Upon review, for the reasons set forth below, the Court will grant the motions for summary judgment.

**I.**

Plaintiff, who is paralyzed due to a previous gunshot wound, alleges that on or about October 15, 2007, he was arrested after being pursued in a high-speed chase by Defendants Kentucky State Trooper Jerry Critchelow,[2] Beemer, Chinn, and Bo Wright. Plaintiff alleges that Defendant Beemer shot the tires out his car causing him to collide head-on into a tree and to suffer injuries. Plaintiff states that Defendant Critchelow threw Plaintiff to the ground and that Critchelow and Defendant Bo Wright placed their knees forcefully into Plaintiff's back, causing him pain and suffering. Plaintiff was then transported to the Ohio County Jail, where he claims

---

[1] Plaintiff identified this Defendant as "Medical Director, Greenville Jail" in his complaint. The Court took judicial notice that the jail located in Greenville, Kentucky is the Muhlenberg County Detention Center (MCDC). Defendant Fitch states that he is a deputy jailer who serves as the Medical Officer at the MCDC. Therefore, Fitch filed an answer and motion for summary judgment.

[2] The Court granted Critchelow's motion for summary judgment by prior Order.

that he requested medical treatment for injuries he sustained in the collision and arrest but that those requests were denied by Defendant Jailer Gerry Wright.

Later that day, Plaintiff was transferred to the MCDC, where Plaintiff asserts that he continued to request medical treatment. Plaintiff alleges in the complaint that he "had one open, bleeding wound on his right buttock that medical staff attended to, but declined and refused Plaintiff's requests to evaluate the injuries sustained causing him pain in his back up and down his spine and para-vertebral region resultant of the police officers' excessive force by their knees in the back and the force of the crash." Plaintiff states that he also had "pain in the hip area where he retained feeling in spite of his paralysis."

Plaintiff alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and he seeks compensatory and punitive damages.

**II.**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery,

the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*. If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted, citing Fed. R. Civ. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted). *Anderson*, 477 U.S. at 252.

### III.

**A.     Excessive force**

Defendants Chinn, Beemer, and Wright move for summary judgment on grounds that Plaintiff has failed to produce evidence to support the allegations against them.

Defendant Chinn is an Ohio County Sheriff's Deputy. Plaintiff's only allegation against Defendant Chinn is that he took part in the police pursuit of Plaintiff on October 15, 2007.

3

However, Defendant Chinn states by affidavit that he was not involved in the vehicle pursuit or in the arrest of Plaintiff on that date. Plaintiff presents no evidence to support any involvement by Chinn in the police chase or to support any other claim against him. To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff fails to offer any evidence to support his claim against Defendant Chinn, Defendant Chinn is entitled to summary judgment.

Defendent Beemer is also an Ohio County Sheriff's Deputy. Plaintiff's only claim against Defendant Beemer is that during the police chase he shot out the tires of Plaintiff's vehicle causing him to collide into a tree. However, Defendant Beemer states by affidavit that he was not the officer who shot out Plaintiff's tires nor was he involved in the decision to shoot out Plaintiff's tires. He further relies on the affidavit of Defendant Critchelow, which states that a Beaver Dam police officer, and not Defendant Beemer, shot out the tires of Plaintiff's vehicle. Plaintiff offers no evidence to support his allegation that Defendant Beemer shot out his tires. Therefore, Defendant Beemer is entitled to summary judgment.

Defendant Bo Wright is a Deputy Jailer and K-9 Officer at the Ohio County Detention Center. Plaintiff claims Defendant Bo Wright, along with Defendant Critchelow, placed his knees forcefully into Plaintiff's back, causing him pain and suffering. However, Defendant Bo Wright states by affidavit that he did not place his knee on Plaintiff's back. He points to the videotape from Defendant Critchelow's dashboard camera which recorded the vehicle pursuit and the arrest to support his assertion. A review of the videotape of the arrest confirms that Defendant Bo Wright did not place his knees into Plaintiff's back. Plaintiff presents no evidence

to refute the video evidence or to otherwise support his claim against Defendant Bo Wright. Therefore, Bo Wright is entitled to summary judgment.

**B.      Medical treatment**

Plaintiff sues Defendants Gerry Wright, Curry, and Fitch on grounds they failed to provide him with medical care. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."[3] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To rise to the level of an Eighth Amendment/Fourteenth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837-38. Therefore, to prove a prison official is liable under the Eighth Amendment/Fourteenth Amendment for denial of medical treatment, the prisoner must first demonstrate the existence of a "sufficiently serious" medical need. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005). The prisoner must also demonstrate that the prison official subjectively possessed "'a sufficiently culpable state of mind in denying medical care.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). "'Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference.'" *Id.* (quoting *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)).

---

[3]The Eighth Amendment "was designed to protect those convicted of crimes" and does not protect pretrial detainees. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). It is unclear whether Plaintiff was a pretrial detainee or convicted inmate during his incarceration at the Ohio County Jail and MCDC. However, this is largely a distinction without a difference because Plaintiff also asserts a violation of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001).

Plaintiff claims that Defendant Gerry Wright, the Ohio County Jailer, denied him medical treatment for the injuries he sustained as a result of his car colliding with a tree after the vehicle pursuit and his arrest. Plaintiff states that after his arrest he was transported to the Ohio County Jail but was transferred later that day to the MCDC. Defendant Gerry Wright states by affidavit that he observed no injuries to Plaintiff as a result of the collision or arrest and observed no need for medical care or treatment. Further, Defendants Critchelow, Chinn, Beemer, and Wright also stated by affidavit that they observed Plaintiff after the pursuit and arrest and did not observe any injuries to Plaintiff.

Moreover, the videotape from Defendant Critchelow's dashboard camera shows that the collision which Plaintiff claims injured him occurred while Plaintiff was driving at a very low rate of speed and resulted from Plaintiff hitting a small tree that does not appear to cause any sort of injurious impact. On the video, a dispatcher can be heard asking Defendant Critchelow if an ambulance is needed, and Critchelow responds that Plaintiff had no injuries that he could see. Moreover, the video shows that following the arrest Plaintiff made belligerent demands for an ambulance, but his hostile and combative demeanor toward law enforcement officers belies any injury to Plaintiff, much less one so serious as to give rise to an excessive risk to Plaintiff's health. Additionally, he can be heard on the video banging his body into the police cruiser, conduct that is not consistent with any serious injury. Plaintiff fails to produce any evidence of a "sufficiently serious" medical need, and Gerry Wright is therefore entitled to summary judgment.

Plaintiff also claims that Defendants Curry and Fitch denied him medical care while he was incarcerated at the MCDC. Plaintiff states that he had a wound to his right buttock which medical staff at MCDC treated. Therefore, it is clear that Plaintiff received some medical

6

attention. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). A disagreement over medical treatment does not state a claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

Moreover, Plaintiff concedes that he also received medical treatment on November 29, 2007. Plaintiff had completed a medical request form, indicating the request was a "non-emergency" and stating, "I need my meds." Plaintiff was examined by Dr. Boggess the following day. Dr. Boggess recorded in his notes that Plaintiff complained of "pain, nerves – in wheelchair – Had GSW X 9 in chest & adb – insomnia no use of legs – pressure sore Rt hip and L 1st toe- Had been on Lorcet 10 5X/d, Baclofen Valium." Dr. Boggess prescribed Flexeril and Tylonel. Thus, on November 29, 2007, Plaintiff did not voice any complaints about the alleged injuries he received from the collision and arrest. Dr. Boggess saw Plaintiff a second time on December 3, 2007, at which time he concluded that due to Plaintiff's paralysis he required more "intensive nursing care & special facilities" than could be provided at MCDC. Plaintiff was transferred to the Kentucky State Reformatory medical unit on December 13, 2007. Plaintiff makes no complaints about the care that he received from Dr. Boggess.

"[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'" *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004) (quoting *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001)(quoting *Hill*, 40 F.3d at 1188)). Plaintiff has not placed in the record verifying medical evidence establishing a detrimental effect of a delay in medical treatment. In fact, he does not

even allege any detrimental effect.  Therefore, Plaintiff's allegations do not rise to the level of a constitutional violation for a delay in treatment.  *See id*. at 897-98.  Accordingly, Defendants Curry and Fitch are entitled to summary judgment.

## IV.

For the reasons set forth above, **IT IS ORDERED** that the motion for summary judgment by Defendants Chinn, Beemer, Bo Wright, and Gerry Wright (DN 38) is **GRANTED**. **IT IS FURTHER ORDERED** that the motion for summary judgment by Defendants Curry and Medical Director Fitch (DN 37) is also **GRANTED**.  By separate Order, the Court will direct the Clerk to enter summary judgment in favor of Defendants Chinn, Beemer, Bo Wright, Gerry Wright, Curry, and Medical Director Fitch.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4414.010